AF Approval __N/A__                                   Chief Approval __[signature]__



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.:

EVERETT THOMAS LITTLE                           2:21-cr-40-SPC-MRM

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, Everett Thomas Little, and the attorney for the defendant, Michael F. Hornung, mutually agree as follows:

**A. Particularized Terms**

1.  **Count(s) Pleading To**

    The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with intentionally damaging and destroying the property of a facility providing reproductive health services, in violation of 18 U.S.C. § 248(a)(3).

2.  **Maximum Penalties**

    Count One carries a maximum sentence of not more than one year in prison, a fine of up to $100,000, a term of supervised release of not more than one year, and a special assessment of $125.

Defendant's Initials __EL__

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First: The defendant intentionally damaged the facility described in the Information; and
>
> Second: The Defendant did so because the facility was being used to provide reproductive health services.

4. <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, and if, pursuant to a plea agreement acceptable to the State of Florida, the Defendant pleads guilty to the offenses charged in the case *State of Florida v. Everett Thomas Little*, Case No. 20-CF-016678 pending within the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida and receives a sentence of imprisonment of 364 days or more, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

Defendant's Initials _UL_    2

6. <u>Discretionary Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663(a) and (b), defendant agrees to make full restitution to P.P.

7. <u>Service of Sentence in State Facility</u>

The United States recommends that the Court recommend to the Bureau of Prisons that any period of incarceration imposed upon the defendant in this case be served in the facility in which the defendant will serve or is currently serving a period of incarceration imposed in the case *State of Florida v. Everett Thomas Little*, Case No. 20-CF-016678 in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. It is understood by the parties that such a recommendation is not binding on the Court and that any recommendation by the Court is not binding upon the Bureau of Prisons, and that if such recommendations are not accepted, the defendant will not be allowed to withdraw the plea.

8. <u>Recommendation as to Term of Imprisonment</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced to the lesser of (1) one year in prison or (2) the equivalent of any remaining undischarged term of imprisonment imposed in the case *State of Florida v. Everett Thomas Little*, Case

Defendant's Initials _ɭL_                                3

No. 20-CF-016678 in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.

9. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B. Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further

Defendant's Initials _EL_    4

understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $125, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _ɌU_    5

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant

Defendant's Initials _EL_    6

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials _EC_                    7

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials _____    8

that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement and Civil Rights Division Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Criminal Section of the Civil Rights Division of the United States Department of Justice, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _GL_        9

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _EL_            10

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.  **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

On or about October 10, 2020, Everette Thomas Little drove to a clinic operated by P.P. located on 6418 Commerce Park Drive, Fort Myers, Florida. On that date and at that location, P.P. operated a facility that provided reproductive health services.

When Little arrived at the P.P.'s clinic, he got out of his vehicle in the parking lot with a glass bottle in his hand. He walked back to the trunk, opened it and pulled out a red gas can and set it on the trunk. He poured the

Defendant's Initials _EL_                    11

fluid from the gas can into the glass bottle, lit the bottle and threw it at the front door without successfully igniting the weapon. Little then filled a second bottle with gas, lit it, and threw it at the building where it ignited along the side the building causing charring to the wall of the facility. Little then left the scene in his vehicle.

On or about October 13, 2020, an LCSO detective conducted a post-*Miranda* interview with Little. Little stated that on October 10, 2020, he attended a college study group located at a residence in Cape Coral. During the meeting, they discussed the negative aspects of abortion. This gave Little the idea to intentionally damage the P.P. building because he knew that it was an abortion clinic. Little stated that he drove from the meeting to a local gas station where he purchased gas for his gas can and two 12 oz. bottles of Topo-Chico water. A Topo-Chico water bottle was located at the crime scene. Little said that he poured the gasoline into the Topo-Chico bottle and attempted to use it to ignite the front door of the P.P., but he was unsuccessful. Little then admitted he successfully threw a second incendiary weapon at the side of the building. Little admitted that he intentionally threw the incendiary weapon at the clinic building causing damage because the clinic performed abortions.

Defendant's Initials *EL*                12

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _EL_    13

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __16__ day of March 2021.

_____
Everette Thomas Little
Defendant

_____
Michael F. Hornung
Attorney for Defendant

KARIN HOPPMANN
Acting United States Attorney

_____
Michael V. Leeman
Assistant United States Attorney

_____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

_____
Pamela S. Karlan
Principal Deputy Assistant
Attorney General
Civil Rights Division
U.S. Department of Justice

_____
Sanjay Patel
Trial Attorney
Civil Rights Division
U.S. Department of Justice

Defendant's Initials __EL__          14